IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE GARZA,

          Petitioner,

      v.                         CASE NO.   11-3127-SAC

STATE OF KANSAS,

          Respondent.

O R D E R

    This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas.  Petitioner has also filed a Motion to Proceed in forma pauperis, with financial data attached indicating that the motion should be granted.

    The background facts relevant to this action are succinctly set forth in Garza v. State, 240 P.3d 986, *1 (Kan.App. Oct. 29, 2010, Table) as follows:

> On December 11, 2000, Jose Garza pled guilty pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to robbery and attempted aggravated robbery in case No. 2000-CR-2775.  He received a controlling sentence of 32 months in prison.
>
> On August 27, 2001, Garza pled no contest in case No. 2001-CR-347 to six counts of rape and one count each of robbery, aggravated robbery, and battery.  On that same day, he was sentenced to a downward departure prison term of 420 months to run concurrent with the sentence imposed in 2000-CR-2775.  Garza did not pursue a direct appeal from either case.
>
> On June 6, 2007, Garza filed his K.S.A. 60-1507 motion on the standard printed form for such motions.  In response to a question on the form regarding whether he appealed from his judgments or convictions, he stated, "I was going to plea [ sic ] insanity but my layer [ sic ] said I couldn't."  He also alleged that he was legally insane and on medications at the time he committed his crimes.  He stated he was not innocent but wished to be placed in a hospital if he had mental problems.  Garza also filed a motion requesting counsel be appointed to represent him on

the K.S.A. 60-1507 motion.

In addition to these motions, Garza sent numerous letters to the court which may have been taken into consideration when the court issued its ruling. In one, Garza reiterated that he wished to enter an insanity plea but his lawyer "told [him] no." In another, he claimed he was not in the right state of mind when he was committing his crimes and "was being controlled by someone inside of me." He also claimed he had been diagnosed with post-traumatic stress disorder prior to committing his crimes and had been diagnosed with paranoid schizophrenia while in prison.

The district court denied Garza's motion for appointment of counsel and a hearing, concluding that there was no substantial question of law or triable issue of fact and that the files and records conclusively showed that he was not entitled to relief. Noting that Kansas had redefined the insanity approach in 1996 in favor of the mens rea approach, that Garza's position might be more plausible in a jurisdiction that continued to recognize an insanity defense, that Garza failed to identify any records or witnesses who would support his claim of a mental disorder, and that Garza made statements during the plea hearing inconsistent with any claim of mental disorder, the court summarily denied Garza's motion. . . .

<u>Id.</u> An exhibit attached to the federal Petition indicates that Mr. Garza's 2007 60-1507 motion[1] was denied by the Shawnee County District Court on March 9, 2009. Mr. Garza was allowed to docket an out-of-time appeal of that denial to the Kansas Court of Appeals (KCA), and counsel was appointed to represent him. The denial was affirmed by the KCA on October 29, 2010. <u>Id.</u> (App. Case No. 102935). Petitioner apparently did not appeal the KCA's decision to the Kansas Supreme Court.

As grounds for this federal Petition, Mr. Garza claims "without due process of law 14th Amendment." He alleges that he did not exhaust state remedies on this claim due to "ineffective assistance

---

[1] The KCA referred to this action as Garza's "2007 motion to withdraw his pleas of guilty and no contest to a host of charges," and affirmed the denial "whether we treat the motion as a 60-1507 motion or as a motion to withdraw plea under K.S.A. 22-3210(d)." <u>Id.</u> at *1.

of counsel." He incorrectly alleges that he raised this issue on direct appeal of his conviction, but did not raise it in a post-conviction motion. Petitioner attaches a copy of the Kansas statute that provides for a Motion for Relief from Judgment, K.S.A. § 60-260.

As ground 2, petitioner claims cruel and unusual punishment. As supporting facts, he alleges "raped at Lansing Correctional Facility by two inmates and a gaurd (sic)." He states that he did not raise this on direct appeal of his criminal conviction because it happened after his conviction.

Petitioner admits in his Petition that he has not exhausted state court remedies on all grounds for relief raised in his Petition.

In response to the question on timeliness, Mr. Garza simply writes "ineffective assistance of counsel."

Having screened Mr. Garza's federal Petition, the court finds that it is subject to being dismissed for two reasons. First, Mr. Garza has clearly not exhausted state court remedies on all his claims.[2] Secondly, the Petition appears to have not been timely filed.

---

[2]     28 U.S.C. 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Applying the statutory provisions to the facts of this case, it appears petitioner's convictions "became final" for limitations purposes in 2000 or 2001.[3] The statute of limitations began to run at that time, and expired no later than December 31, 2002. The limitation period was not tolled during the pendency of petitioner's "properly filed" 60-1507 action, because this motion was not filed until years after the statute of limitations had already expired.

Since petitioner does not appear to be entitled to any additional statutory tolling, the only question is whether or not he is entitled to equitable tolling. In response to the question regarding timeliness on his form petition, petitioner baldly states "ineffective assistance of counsel." However, it does not appear that he was represented by counsel for any purpose during the time the federal statute of limitations was running. Petitioner will be given the opportunity to state facts showing that he is entitled to equitable tolling from the time that the statute of limitations

---

[3]     Since Mr. Garza did not directly appeal his criminal conviction and sentence, his conviction became "final" for purposes of § 2244 after his time for filing a direct appeal expired.

began running in this case until he filed his 60-1507 motion in 2007.

A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003.  "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808.

Mr. Garza is given time to allege facts showing that he is entitled to equitable tolling and to otherwise show cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. § 2244(d)(1) as well as for failure to exhaust state court remedies. If he fails to show cause within the time allotted, this action may be dismissed without further notice.

Petitioner has also filed a Motion for Appointment of Counsel.

There is no entitlement to assistance of counsel in a federal habeas corpus proceeding. Since this action clearly appears to be subject to summary dismissal, the court finds that this motion should be denied.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted, and petitioner's Motion to Appoint Counsel (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days to show cause why this petition for writ of habeas corpus should not be dismissed for failure to exhaust state court remedies and as time barred under 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

Dated this 19th day of July, 2011, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge